IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: § | |
| § | |
| CIRIACA ANGELES GONGORA, § | |
| § | |
| Debtor, § | |
| § | |
| § | |
| CIRIACA ANGELES GONGORA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-12-0278 |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Gaston R. Gongora and Ciriaca Gongora filed an adversary complaint in bankruptcy, alleging wrongful foreclosure, misrepresentation, and negligence. The suit sought turnover of the property and an order to quiet title. This court entered an order withdrawing the reference on February 6, 2012. (Docket Entry No. 2). The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 5). The plaintiffs did not respond to the motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

The plaintiffs cited *Jones v. Flowers*, 547 U.S. 220 (2006), to argue that the foreclosure on "returned as unclaimed" notices sent by certified mail violated their Fourteenth Amendment due process rights and was grounds for invalidating the notices of default, acceleration, and foreclosure sent pursuant to the Texas Property Code, § 51.002. The Texas Property Code states: "[s]ervice of

a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). In *Jones*, the Supreme Court held: "[W]hen mailed notice of a tax sale is returned unclaimed, the State must take additional steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." 547 U.S. at 225. *Jones* does not apply to nonjudicial foreclosure sales under the Texas Property Code. *See Pease v. First Nat'l Bank, Giddings*, 335 Fed. App'x. 412, 414 (5th Cir. 2009). The complaint does not state a claim for wrongful foreclosure on the basis that the notices were not received. *Williams v. Cheyenne Crossing Residential Ass'n, Inc.*, 2010 WL 5287509 (E.D. Tex. Dec. 17, 2010), *adopted & summary judgment granted by* 2011 WL 344118 (E.D. Tex. Jan. 31 2011). This claim is dismissed.

Under Texas law, the elements of wrongful foreclosure are: (1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Morg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). "Both conditions are necessary: neither inadequacy of price alone, nor technical irregularities alone, will warrant setting aside an execution sale . . . . There must also be a causal connection between an irregularity of the sale and an inadequate selling price to set aside a sheriff's sale." *McCoy v. Rogers*, 240 S.W.3d 267, 265 (Tex. App.—Houston [1st Dist.] 2007, pet. den'd); *Benitez v. Perales*, 2002 WL 1981189, at *5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.) ("There must also be evidence of some irregularity, such as fraud, conspiracy, or price chilling, that caused or contributed to a sale for a grossly inadequate price."). The complaint contains no allegations of any acts by Deutsche Bank or Ocwen to reduce the

foreclosure sale price. *First State Bank v. Keilman*, 851 S.W.2d 914, 925 (Tex. App.—Austin 1993, writ den'd). This claim is dismissed.

The complaint requests rescission of the trustee's deed. There is no allegation that the plaintiffs tendered the amount due on the note. This claim fails as a matter of law. *See White v. BAC Home Loans Servicing, LP*, 2010 WL 4352711, at *5 (S.D. Tex. Nov. 2, 2010); *Fillion v. The David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

The elements of a cause of action for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The plaintiffs plead that a representative of the "home saver" service they engaged told them a loan modification was accepted. This allegation about statements by the "home saver" service does not allege any irregularity in the foreclosure sale by Ocwen or Deutsche Bank. There are allegations of statements by Ocwen relating to a loan modification and to a letter dated October 6, 2010 — after the October 5, 2010 foreclosure sale — but these cannot be the basis for a negligent misrepresentation claim. Among other deficiencies, there are no factual allegations of justifiable reliance. This claim is dismissed.

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454, 45 (Tex. 2002). The duty of good faith and fair dealing exists when there is a special relationship between the parties. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d

3

276, 280 (Tex. 1998). "[T]he relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship." *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Manufacturers Hanover Trust Co. v. Kingston Inv. Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ); *see Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708–09, 33 (Tex. 1990) (the mere relationship of debtor and creditor is not sufficiently special to impose a duty of good faith upon its parties); *see also Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). The complaint alleges no facts that would make a claim for negligence or breach of the duty of good faith and fair dealing plausible. The motion to dismiss these claims is granted.

"A suit to clear title or quiet title — also known as a suit to remove cloud from title — relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App. 2012), no pet. h). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Id.* A suit to quiet title aims to "declare invalid or ineffective the defendant's claim to title." *Id.* The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Id.* "The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." *Id.* The complaint does not plead any facts that make it plausible that the instrument is invalid. The defendants are entitled to dismissal of this claim.

As of the bankruptcy petition date, the foreclosed property was neither the property of the debtor, nor of the debtor's estate, due to the prepetition foreclosure. The plaintiffs cannot plead a claim under 11 U.S.C. §§ 542 or 543. This claim is also dismissed.

The claims are dismissed. Absent any response from the plaintiffs to the motion to dismiss, and any indication that pleading amendments would cure the deficiency, this suit is dismissed with prejudice.

SIGNED on October 30, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge